## EZRA H. STEWART ET AL.

### v.

## FRANK FELLOWS ET AL.

*Equitable Mortgage—Evidence—Decree Sustained.*

Upon appeal from a decree in equity, declaring a lien in the nature of an equitable mortgage on a lot in favor of certain executors, it is *held:* That the evidence though conflicting supports the decree, the evidence of one of the appellants being untrustworthy because contradicted by statements made by him under oath in certain collateral proceedings.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Will County.

Messrs. HALEY & O'DONNELL, for appellants.

Messrs. OLIN & PHELPS, for appellees.

LACEY, J. On October 12, 1870, the appellant, Ezra H. Stewart, entered into a contract of purchase at vendue with one David Richards, as vendor, for a deed of conveyance for S. ½ lot 8 in Richards' Subdivision of blocks 13 and 14 of Canal Trustees' Subdivision of the W. ½, Sec. No. 15, in Will County, for $500, payable in four years after date with interest at ten per cent. per annum, payable annually, in which contract prompt payment was made an essential thereof, the said Stewart on the same day executing his promissory note therefor, due in four years from date. Thereupon Stewart took possession of the real estate and built a hou.e on it. On February 7, 1873, the said Stewart assigned his duplicate contract of purchase to one George M. Leonard, eighteen or twenty months before the deed would be due thereon, which assignment was without any consideration, the said Leonard then holding the same in trust for Stewart.

On October 13, 1874, some eighteen months thereafter, said

Richards and wife, for the express consideration of $550, executed to said Leonard a deed of conveyance of the said real estate and delivered the said deed together with the said $500 note given by said Stewart to said Richards for the purchase money.

It further appears that one E. C. Fellows advanced the $550 to Leonard for the purpose of paying Richards for the real estate, unless the theory of appellants be true that Stewart himself furnished the money. It further appears that Leonard died before Fellows and devised to him this real estate or his interest in it, or in case his lien be paid off, the money in lieu thereof. Fellows afterward died and both the executors of said Leonard and Fellows are parties complainant and appellees herein. On June 2, 1875, said Leonard made and placed in escrow a deed for the said real estate in which deed the appellant Laura D. Stewart, wife of said Ezra D. Stewart, appeared as grantee, and placed it in the hands of one Wagener, book-keeper of the First National Bank of Joliet, to be delivered to the grantee named therein in case of his death. On September 6, 1875, said Leonard in his last illness had his will written and executed it, in and by which he devised the said real estate to his father-in-law, Fellows, but provided, in case Stewart would make the payment due on it within one year from the probate of the will, then Fellows should convey said real estate to Stewart. Leonard died September 7, 1875.

On April 8, 1876, the appellant Laura D. Stewart replevied· the said deed from the possession of said bank where it was held in escrow and immediately had the same recorded.

Now, this suit is brought by bill in equity by appellees against appellants seeking to foreclose the equitable lien of Fellows' executors on the said real estate for the amount of the note and interest, claiming that the former hold an equitable mortgage on the said real estate for the amount of the note and interest. The court below found in favor of appellees, and decreed a lien on the real estate in question to the amount of $1,048, the amount of the $500 Richards note and interest, from which decree this appeal is taken. There are two other notes held by said Fellows in his lifetime now claimed by his

executors to be a lien on said real estate, but we think not seriously, one for $400, given by said Ezra H. Stewart to him December 30, 1871, and one for $80, given by same party June 30, 1872. Stewart contends that he furnished the money to Leonard with which the latter paid Richards for the real estate in question, and that Leonard was a mere accommodation holder of the title for the benefit of Stewart, and he points to the directions accompanying the deposit of the deed with the bank in escrow as strong, if not conclusive, proof that his claim is correct, and that nothing remained due on the purchase price of the land. On the proper determination of this contention between the parties the decision in this case hinges.

. If Stewart furnished this money to Leonard to pay off the Richards claim, that would forever end the matter; but on the other hand, if Leonard furnished the money, either his own or Fellows', and paid it to Richards and took the note and received the deed from the latter to himself, he would stand in the same relation to appellants as Richards did originally. It would not make any difference about the assignment of the contract by Stewart to him before that time. Whether he held the contract in trust or not he would still hold the real estate in trust for Stewart after it was deeded to him by Richards; but charged with the payment of the Richards note which he had taken up and the title could not be forced from him by any one until this lien was discharged. And if, under such circumstances, Laura D. got possession of the deed by replevin, the lien could not be divested by such means.

We have given the evidence careful consideration and have come to the conclusion that the court below committed no error in finding that the appellant did not furnish the money to Leonard to pay Richards, and that he had not paid the amount since.

We do not deem it necessary to examine the evidence in detail as it would serve no good purpose. But in general we may say the Richards note, taken up by Leonard and still in possession of appellants, is of itself *prima facie* evidence that it was still due and unpaid. This is supported also by the admissions of Stewart to various persons and other surround-

ing circumstances. The main evidence relied on by appellants to rebut this evidence is the testimony of Stewart himself. According to his testimony, if it is entitled to credit, he furnished the money to Leonard to pay Richards for the land and Leonard furnished no money of his own.

But the weight of his evidence is very much impaired if not entirely destroyed by his various contradictory statements previously made by him under oath.

Leonard having died on September 7, 1875, appellant Ezra H. Stewart filed his cross-bill in the Circuit Court of Will County in chancery under oath, in which he avers that Leonard and not himself furnished the money to pay the Richards claim and that by agreement with Leonard the latter was to and did receive such deed for the real estate in question to hold as security for the money advanced. On May 31, 1878, he also filed his schedule of liabilities in bankruptcy under oath, in which he states that his indebtedness to the estates of Leonard and Fellows in the sum of $1,400 for money loaned. This could not have been true unless the note in question was due as is claimed by appellees.

The suggestion that the appellant Ezra H. Stewart took these several oaths inadvertently we do not consider a satisfactory explanation. We can give his testimony but little if any credit, not enough to overcome that produced by appellees even when coupled with the other circumstances favoring appellants' side of the case.

Finding no error in the record the decree of the court below is affirmed.

*Decree affirmed.*